IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LARRY WALKER and LENA M. WALKER ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HLB MORTGAGE CORP., d/b/a ) <br> AMERICAN HOME MORTGAGE, et al., ) <br> ) <br> Defendants. ) | Case No. 6:11-CV-03544-DGK |

## ORDER DENYING MOTION TO REMAND

This case arises out of the mortgage loan on Plaintiffs' home. Plaintiffs have filed suit against a host of financial entities (mortgage companies, brokers, loan servicers, etc.) who might have some interest in the property. Plaintiffs seek equitable relief, including a court order quieting title in their favor and preventing foreclosure, so that they can sell their home.

This case was originally filed in the Circuit Court of Greene County, Missouri. Defendants removed it by invoking the Court's diversity jurisdiction.

Now before the Court is Plaintiffs' Motion to Remand Matter Back to State Court (doc. 14). Plaintiffs argue that Defendants have not established that the amount in dispute exceeds the jurisdictional amount, $75,000. Plaintiffs contend they are only requesting equitable relief, and that the value of that relief is not ascertainable. Defendants respond that the value of the relief sought in this case is the fair market value of Plaintiffs' home, which is approximately $335,000.

An action may be removed by the defendant to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c).

To invoke the district court's original diversity jurisdiction the parties must be citizens of different states and the amount in dispute must exceed $75,000. 28 U.S.C. § 1332(a). The party asserting federal jurisdiction bears the burden of showing that the sum or value exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). In a quiet title suit where no monetary damages are sought, "the amount in controversy is measured by the value of the litigation." *Mosby v. West-Anderson*, No. 07-0748-cv-W-ODS, 2008 WL 351000, at *1 (W.D. Mo. Feb. 7, 2008). In a quiet title case, this is the fair market value of the property. *Id.* A tax appraisal is an acceptable method of determining this value, *id.*, and the court may take judicial notice of such a public record. *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

In the present case, Plaintiffs' home has been appraised at $335,000. Plaintiffs are seeking to quiet title, prevent foreclosure, and ultimately sell the property, so the entire value of the property is at issue, thus the amount in dispute exceeds $75,000. Consequently, removal was proper and the Court possesses jurisdiction to hear this case.

Plaintiff's Motion to Remand (doc. 14) is DENIED.

**IT IS SO ORDERED.**

Date: May 21, 2012   /s/ Greg Kays
                      GREG KAYS, JUDGE
                      UNITED STATES DISTRICT COURT